STATE, GEORGE W. ALLEN, PROSECUTOR, v. THE SUMMIT BOARD OF HEALTH.

When a cause in the court for the trial of small causes has been adjourned to a particular time and place, and the justice fails to attend, but, at another place, in the absence of the parties and without the consent of the defendant, adjourns the cause to another day, he cannot, on that day, proceed to trial and judgment, although notice of the adjournment has been given defendant. Such an adjournment operates as a discontinuance of the suit.

On *certiorari.*

An action in the court for the trial of small causes, brought by defendant in *certiorari* against prosecutor, had been regularly adjourned to June 1st, 1883, at nine o'clock A. M., at Summit Hall, in the township of Summit, Union county. The justice, being unable to attend at that time and place, by reason of illness in his family, adjourned the cause while at his place of residence in another township and in the absence of the parties. It is agreed that the adjournment was made without the consent of prosecutor or his attorneys. But it appears, by the agreed-on state of the case, that about the time fixed defendant's agent and a clerk in the office of prosecutor's attorneys met, and that the clerk, on being informed of the justice's inability to attend, requested that the trial day should be fixed for some day after June 7th. The adjournment was to June 6th. Notice of this adjournment seems to have been given to prosecutor's attorneys, who responded by a letter to defendant's agent, in which they state that the issue involved was also raised by indictments against prosecutor, then set down for trial, and that they would advise him to abide the result of that trial, without further contest before the justice,

if he should be found guilty. It does not appear whether the indictment was tried, or with what result. On June 6th prosecutor did not appear, and judgment was rendered against him.

Argued at November Term, 1883, before Justices KNAPP, DIXON and MAGIE.

For the prosecutor, *Guild & Lum.*

For the defendant, *Riker & Riker.*

The opinion of the court was delivered by

MAGIE, J.  Prosecutor first contends that the justice below lost the jurisdiction he had acquired by the issuing, service and return of a summons, by an adjournment made in the absence of the parties and at a place other than that fixed by the prior order of adjournment.

In the case of *Darlings* v. *Corey, Coxe* 200, decided in 1793, a judgment was sustained in this court which had been rendered in a justice's court, although it appeared that the justice had failed to attend at the time and place fixed, and adjourn the cause, but had afterward appointed a day for trial and caused notice to be given to defendant, and on that day proceeded to trial and judgment. The act then in force did not, on the subject of adjournment, materially differ from the present act constituting courts for the trial of small causes. This case is much relied on by defendant. It was, however, decided by a divided court, Chetwood, J., dissenting from the views expressed by Kinsey, C. J., and Smith, J., and pronouncing for reversal on the ground that there should always be regular adjournments.

Nor has the case been followed or approved. In *Brannin* v. *Voorhees*, 2 *Green* 590, Hornblower, C. J., declared his inclination to be to hold that such an adjournment would be a discontinuance of the suit. In *Taylor* v. *Doremus*, 1 *Harr.* 473, an action was brought against a justice for having ren-

dered a judgment against the plaintiff under the following circumstances : A summons had been regularly issued and served on him, but the justice did not attend at the time and place fixed for appearance. Afterward, and on a day to which in the absence of the parties he had adjourned the cause, the justice proceeded and rendered judgment. The main question raised in the case related to the liability of such a judicial officer for such an act. But the propriety of the adjournment necessarily came in question. Opinions were read by all the judges who sat in the case. Hornblower, C. J., assuming that the adjournment had been ordered before the parties were in court, (though the case does not show the fact to be so,) held, on the authority of *Halsey* v. *Whitlock,* 2 *Penn.* 869, and other cases, that the adjournment was erroneous. Ford, J., discussed the power to adjourn, and declared that " if sickness or other imperious obstacle should prevent the justice from attending at the day prefixed, the plaintiff has no other way than to sue out a new summons." Dayton, J., held that such an adjournment operated as a discontinuance.

The later case of *Woodworth* v. *Wolverton,* 4 *Zab.* 419, decided that when an adjournment had been made to a particular day, and then defendant agreed to a further adjournment to a day to be agreed on by counsel, the justice had no power, in the absence of the agreement contemplated, to fix a day and proceed to trial, though ample notice appeared to be given. The cause was adjudged to be discontinued by the irregular adjournment.

These cases require us, in my judgment, to treat the case of Darlings v. Corey as overruled, and to hold that the adjournment in this case operated as a discontinuance of the suit below.

Defendant, however, further contends that this result ought not to be reached because, it is claimed, that the adjournment in this case was by consent. But the state of the case agreed on expressly states that there was no such consent. It is not, therefore, open to defendant to contend that the request of the clerk of prosecutor's attorneys amounted to a consent. If

such contention could be made, it does not appear that the clerk had any authority to consent. If such authority was proved, his request to fix a trial day after June 7th could not be considered to be a consent to an adjournment to June 6th.

It is further contended that the letter of prosecutor's attorneys amounts to a waiver of the irregularity of the justice's act. It is not necessary to determine what act of defendant would justify a justice in proceeding to trial after such an adjournment. Probably the appearance of the defendant below and his taking part in the trial would do so. *Hillman* v. *Hayden*, 2 *South.* 575. But I find nothing in this letter waiving the irregularity of the justice's act, or justifying him in proceeding without consent.

The judgment was therefore without jurisdiction, and must be reversed, with costs.